IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Danyelle L. Pierce,                                         Case No. 3:16CV421

        Plaintiff

    v.                                                          **ORDER**

Commissioner of Social Security,

        Defendant

    This is a Social Security case in which the plaintiff, Danyelle Pierce, appeals from the Commissioner's decision denying her application, on behalf of her minor child, S.J.P., for children's supplemental security income.

    An administrative law judge found that S.J.P. suffered from several severe impairments, including, as is most relevant here, attention-deficit hyperactivity disorder. (Doc. 10 at 14). But the ALJ concluded that S.J.P. had "less than marked" limitations in six domains of functioning: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for one's self; and 6) health and well-being. (*Id.* at 17–19); *see also* 20 C.F.R. § 416.926a(b)(1)(i)–(vi).

    Accordingly, the ALJ ruled that S.J.P. was not disabled.

    Pending is Magistrate Judge Baughman's Report and Recommendation (Doc. 20), which recommends that I vacate the Commissioner's decision and remand for further proceedings. In

particular, the Magistrate Judge found that the ALJ did not consider the opinion of S.J.P.'s treating psychiatrist, Bushra Qureshi. (*Id.* at 10).

The Commissioner has objected (Doc. 22), arguing that: 1) Dr. Qureshi did not offer a medical opinion and thus the treating-physician rule does not provide a basis for disturbing the ALJ's decision; 2) the ALJ considered Qureshi's treatment notes in assessing the extent of S.J.P.'s limitations; and 3) the ALJ properly weighed the opinions of two of S.J.P.'s teachers. Plaintiff did not file a response.

On de novo review, *see Thomas v. Comm'r of Soc. Sec.*, 2017 WL 773586, *1(N.D. Ohio), I respectfully reject the R&R, sustain the Commissioner's objection, and affirm the denial of benefits.

First, I agree with the Commissioner that Dr. Qureshi did not tender a "medical opinion," as the Social Security regulations define that term.

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2).

Nowhere in the record, however, did Dr. Qureshi attempt to define or address the limitations that S.J.P.'s impairments imposed. Rather, Qureshi's notes simply document S.J.P.'s subjective account of her symptoms and his own observations about her behavior, thought processes, mood, and the like. (Doc. 10 at 348–52). Because Dr. Qureshi did not give a medical opinion, the ALJ had no obligation to give any particular weight to Qureshi's findings. *Bass v. McMahon*, 499 F.3d 506,

510 (6th Cir. 2007) ("Since Dr. Naum made no medical judgments, the ALJ had no duty to give such observations controlling weight or provide good reasons for not doing so.").

Second, while the ALJ did not refer to Dr. Qureshi by name, he did cite the doctor's treatment notes. (Doc. 10 at 16) ("In August 2013, the child was reportedly doing very well at school and getting good behavior reports every day (Ex. 4F)."). Exhibit 4F contains Qureshi's notes. (*Id.* at 322–31, 334–38, 343–56).

It is apparent, moreover, that the ALJ relied on those records in concluding that S.J.P. was not disabled.

Essentially, the ALJ ruled against the plaintiff after finding that, even though S.J.P. suffered from severe mental impairments, her condition improved significantly in 2013, when she began taking Adderall. Notably, it was Dr. Qureshi who prescribed Adderall, and his treatment notes – notes that the ALJ cited and discussed – document the substantial progress S.J.P. made while on medication.

Finally, the ALJ reasonably discounted statements from two of S.J.P.'s teachers who opined that the S.J.P. had "a variety of obvious and serious limitations." (*Id.* at 16).

As the teachers acknowledged, however, they based their opinions on S.J.P.'s behavior "when the child has not been taking her medications." (*Id.* at 17). Both teachers also recognized that S.J.P. "does take [her] medications regularly," and that there were "significant improvement with focus and attention when the child took her medications[.]" (*Id.* at 16–17).

Because an ALJ may consider whether medications help control or alleviate the symptoms, and because the teachers (like Dr. Qureshi) concluded that S.J.P.'s medication did help manage her symptoms, it was permissible for the ALJ to give the teachers' opinions only "limited weight

because they do not describe the child's functioning while taking her medications[.]" (*Id.* at 17); *accord Barnett ex rel. Comm'r of Soc. Sec.*, 573 F. App'x 461, 464 (6 th Cir. 2014); *Smith v. Comm'r of Soc. Sec.*, 564 F. App'x 758, 763 (6th Cir. 2014).

## Conclusion

It is, therefore,

ORDERED THAT:

1. The Commissioner's objections (Doc. 22) to the Magistrate Judge's Report and Recommendation be, and the same hereby are, sustained; and

2. The Commissioner's decision denying plaintiff's application, on behalf of her minor child, S.J.P., for children's supplemental security income, be, and the same hereby is, affirmed.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge